1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD GOZY,

11          Petitioner,              No. CIV S-08-1368 GGH P

12      vs.

13   D.K. SISTO, et al.,

14          Respondents.             <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2006 decision by the Governor

18   reversing the decision by the California Board of Parole Hearings (BPH) finding petitioner

19   suitable for parole.

20          On August 6, 2008, respondent filed a request to stay this action pending the

21   Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc*

22   *granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, 2008).  On September 9, 2008, the

23   court granted petitioner twenty days to show cause why this action should not be stayed.

24   Petitioner has not responded to this order.

25   \\\\\

26   \\\\\

1    For the following reasons, the court now orders that this action is stayed.

2    In Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006) and Irons v.

3  Carey, 505 F.3d 846 (9th Cir. 2007), the Ninth Circuit was concerned with the existence per se of

4  allegedly egregious circumstances of the crime, trivial motive and the like, at least prior to the

5  time the prisoner had served his minimum term under the sentence.  That is, a bad circumstance

6  automatically equaled "some evidence" supporting a finding of parole unsuitability.  In Hayward,

7  supra, the Ninth Circuit looked past the existence per se of listed circumstances, aka suitability

8  factors, and considered whether a particular factor, such as trivial motive, could be a legitimate

9  predictor of dangerousness if released.  By granting rehearing in Hayward, the Ninth Circuit

10  clearly has shown an intent to clarify what standard applies in parole cases.

11    It is within the court's discretion to grant a stay of proceedings in its own court.

12  Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  The Ninth Circuit has held that in

13  determining whether a stay of a pending proceeding is appropriate based upon the existence of

14  other similar proceedings, the district court must weigh "the competing interests which will be

15  affected by the granting or refusal to grant a stay."  Id. at 1110.  The competing interests to be

16  considered are: 1) the possible damage that may result from the granting of a stay; 2) the hardship

17  that the party seeking the stay may suffer by being required to go forward; and 3) the orderly

18  course of justice measured by considering whether issues will be simplified or complicated,

19  proof, and questions of law which could be expected to result from a stay.  Id.

20    The only party who may be damaged by a stay is petitioner as it may delay

21  resolution of his petition.  However, even if the court goes forward with this case, it will most

22  likely be required to reconsider petitioner's application following the Ninth Circuit's decision in

23  Hayward.  Petitioner's application will take just as long to reach final resolution with or without

24  a stay.  Therefore, any prejudice suffered by petitioner as a result of a stay is minimal, at best.

25    If this case goes forward without a stay, respondent will be prejudiced by most

26  likely having to file a second response to the petition as a result of the Ninth Circuit's decision in

1    <u>Hayward</u>.  The court will be prejudiced as well if it is required to issue multiple opinions in this

2    action.  In addition, the Ninth Circuit's decision in <u>Hayward</u> will clarify the issues to be

3    addressed in this action.  Accordingly, the court finds that the factors weigh in favor of a stay.

4            In <u>Yong v. Immigration and Naturalization Service</u>, 208 F.3d 1116, 1119 n. 2 (9th

5    Cir. 2000), the Ninth Circuit reversed an order issued by the Eastern District staying a habeas

6    action filed pursuant to 28 U.S.C. § 2241 by a petitioner challenging his detention by the former

7    Immigration and Naturalization Service.  Because the issues raised in Yong's petition were to be

8    considered by the Ninth Circuit in <u>Ma v. Reno</u>, 208 F.3d 815 (9th Cir. 2000), the district court

9    stayed proceedings in Yong's case pending resolution of the appeal in <u>Ma</u>.

10           In <u>Yong</u>, the Ninth Circuit found that the district court abused its discretion in

11   staying the petition because the term of the stay was indefinite.  208 F.3d at 1119.  In addition,

12   the Ninth Circuit rejected the district court's finding that the stay would conserve judicial

13   resources.  <u>Id.</u>  The Ninth Circuit found that district court's duty to decide habeas petitions in a

14   reasonable time overrode any concern for conservation of judicial resources.  <u>Id.</u> at 1119-1120.

15   The Ninth Circuit also rejected the district court's reasoning that the stay would promote

16   uniformity in decisions emanating from the Eastern District.  <u>Id.</u> at 1121.

17           In one very important respect, the instant action is distinguishable from <u>Yong</u>.  By

18   all appearances, the Ninth Circuit granted rehearing in <u>Hayward</u> in order to resolve the

19   inconsistent approaches it has taken in cases challenging the sufficiency of evidence in parole

20   suitability hearings.  In <u>Yong</u>, the district court was not faced with the issue of deciding which

21   different approach to choose from in deciding the habeas application.  Without a stay, it is almost

22   certain that this court will have to reconsider every opinion it issues in petitions challenging the

23   sufficiency of evidence in parole suitability hearings after the Ninth Circuit's decision in

24   <u>Hayward</u>.   This court has already issued and withdrawn several opinions in these cases based on

25   the different standards set forth by the Ninth Circuit.  At this time, the court is not willing to

26   guess which approach the Ninth Circuit will choose.

3

1    In addition, this court finds it unlikely that any stay of these cases will be for a

2    significant length of time.  The undersigned will not await the result of petition for certiorari

3    filings, if any, with the Supreme Court.  The court also observes that staying these cases will

4    promote uniformity in decisions by this district because following <u>Hayward</u>, the district courts

5    will know which standard to apply.

6    While the court would like these cases off the docket, the desire for administrative

7    efficiency does not outweigh the need to decide cases correctly the first time.  Court resources are

8    better spent on deciding habeas petitions that do not rely on conflicting case law which is

9    pending resolution in the Ninth Circuit.

10   Accordingly, IT IS ORDERED that this action is  stayed pending the Ninth

11   Circuit's decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*,

12   ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, 2008).

13   DATED: November 13, 2008

14                                                          /s/ Gregory G. Hollows

15                                                          _____
                                                            UNITED STATES MAGISTRATE JUDGE

16

17
     gozy.sta
18

19

20

21

22

23

24

25

26

4